**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Lee RICHARDSON, Defendant-**
**Appellant.**

**No. 261–69.**

United States Court of Appeals,
Tenth Circuit.

Feb. 24, 1970.

Wycliffe V. Butler, Albuquerque, N. M., for appellant.

Stephen L. ReVeal, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., and John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., on the brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

Richardson appeals from a judgment and sentence pursuant to a jury trial conviction on a charge of transporting a stolen automobile from Arizona to New Mexico in violation of 18 U.S.C. § 2312. The only point on appeal is the denial of the motion to suppress "damaging statements" said to have been made by the accused-appellant to officers while without benefit of counsel.

It is not certain from the record or the briefs just what damaging statements were sought to be suppressed and which were admitted in evidence against the accused. On argument in the brief counsel contends that the case should be reversed and the charge dismissed because of the F.B.I. Agent's custodial interrogation after request for counsel. But there is nothing in the record to indicate that the federal agent ever at any time took an incriminating statement from the defendant or interrogated him about the theft of the automobile nor did he testify concerning any incriminating statement that the accused had made to him.

The only statement even tending to incriminate the accused was made by him to the arresting state highway officer. It came about in this way. The accused was stopped for speeding by the patrolman while traveling on an interstate highway near Deming, New Mexico. Upon being stopped he was immediately advised of his right to counsel and warned that any statement could be and would be used against him. The accused produced an expired Ohio driver's license bearing the name of Charles Sanders. He did not have any registration for the car and there were no keys in the ignition. He was taken before a Justice of the Peace in Deming, where he was again advised of his right to counsel, and sentenced to fifteen days in jail for speeding and driving without a license. From the Justice of the Peace office he was taken next door to the booking desk at the jail, where he was again advised of his right to counsel. A search of his clothing revealed a Social Security card in the name of Charles Lee Richardson. When confronted with this conflict of identity he was asked where he stole the car. He answered that he had gotten it in Phoenix, Arizona. He complained of an infected kidney from an old wound, asked for a doctor and was taken to one. After investigation by an agent of the F.B.I., he was formally charged with the transportation of a stolen automobile, counsel was appointed, and he was duly arraigned.

At the hearing on the motion to suppress and in the trial of the case the highway patrolman testified concerning his conversation with the accused at the booking desk. He took no statement from the accused nor did he testify concerning any other statement made to him by the accused. The F.B.I. Agent who investigated the case testified concerning the identity of the car and that it had been stolen in Phoenix.

As a matter of fact, there were no incriminating statements to suppress and none were offered or admitted in evidence. Compare Diaz v. United States, 264 F.Supp. 937, 943, aff'd 391 F.2d 932. The trial court properly overruled the motion to suppress, the evidence was ample to support the verdict of the jury, and the judgment is affirmed.

Judgment affirmed.